IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Christopher Prosser, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | COMPLAINT CLASS ACTION |
| Dream Nissan Midwest, LLC<br>1825 E Edwardsville Rd.<br>Wood River, IL 62095; and | ) | |
| | ) | |
| Serve R/A: Illinois Registered Agent, Inc.<br>5405 Margaret St.<br>Monee, Il. 60449; and | ) | |
| | ) | Jury Trial Demanded |
| Dream Automotive LLC<br>1225 E. 23rd St.<br>Lawrence, KS 66046; and | ) | |
| | ) | |
| Serve R/A Alyssa Brockert, Attorney<br>1216 E. 23rd St.<br>Lawrence, KS 66046, | ) | |
| | ) | |
| Dream Nissan<br>1900 N. 100 Terrace<br>Kansas City, KS 66111; and | ) | |
| | ) | |
| Defendants. | ) | |

---

**COMPLAINT CLASS ACTION**

---

**Nature of the Action**

1.    This is a class action under the Missouri No Call List and Telemarketing

prohibitions set forth in §407.1098.1 and <u>Mo. Rev. Stat. § 407.1076</u>.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

2.     This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, 47 U.S.C. § 227(b)(1)(A), and  a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

3.     The Plaintiff Christopher Prosser alleges that Dream Automotive, Dream Nissan Midwest, Dream Nissan (collectively "Dream") as well as their agents, employees and/or vendors, in St. Louis, Missouri, Wood River, Illinois, Lawrence, Kansas, and Kansas City, Missouri made numerous unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4.     Defendant Dream offers a service where they solicit consumers to purchase automobiles and their related service products.

5.     Defendant Dream uses robocalling and artificial intelligence automated systems to make outbound telemarketing calls/texts to thousands, if not millions of consumers across U.S., to harass and annoy individuals in an effort to market their real estate services.

6.     By doing so, Defendant Dream violated the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. §§ 407.1076, 407.1076(11) and violated the 47 U.S.C. § 227(b)(1)(A) of the Telephone Consumers Protection Act ("TCPA") when it contacted numbers on the Missouri and National Do Not Call Registries without their express written consent. Defendants have caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted robotic, Automatic Telephone Dialing Systems ("ATDS") and artificial intelligence telephonic calls/texts to their private residential telephones.

7.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls and texts. Plaintiff additionally seeks damages as authorized by the MDNC

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

8.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

9.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing practices and violations and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08.

II.     Parties

10.      Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Chris," or "Mr. Prosser") is an individual residing in this District.

11.     Defendant Dream Nissan Midwest, LLC (hereinafter collectively referred to as "Dream" or "Defendant Dream"), is an Illinois limited liability company that makes telemarketing calls or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff.

12.     Defendant Dream Nissan, operating as a registered fictious name for Dream Automotive LLC (hereinafter collectively referred to as "Dream"), is a Kansas limited liability company in Kansas City, Kansas, that makes telemarketing calls, or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its local office located at 1900 N. 100 Terrace, Kansas City, Kansas .

13.     Defendant Dream Automotive, LLC, (hereinafter collectively referred to as "Dream"), is a Kansas limited liability company in Lawrence, Kansas, that makes telemarketing

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

calls, or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its local office located at 1225 E. 23rd St., Lawrence, Kansas.

<u>Jurisdiction and Venue</u>

14.    This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo. This Court has jurisdiction over the federal claims under the Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(A). This Court has personal jurisdiction over the Defendants Dream because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendants Dream which encourage, entice, condone, and ratify illegal calls and telemarketing texts into this District to persons on the no call lists.  Additionally, Defendants Dream have sufficient minimum contacts with the State of Missouri in that reside and/or transact business in Missouri, profit personally from Dream sales made in Missouri; they send their products to Missouri; they advertise in Missouri, and the tortious acts complained of within this complaint occurred in Missouri to a Missouri resident, thereby subjecting Dream to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, et al*, <u>2023 WL 5093872</u> (E.D. Mo. August 9, 2023); *UMB BANK, N.A. v. KRAFT CPAS, PLLC*, <u>2023 WL 3666879</u> (W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, <u>425 F.Supp.1096</u> (W.D. Mo. 2019)

15.    This Court has personal jurisdiction over the Defendant because they either reside in this District and/or made the calls into this District.

16.    Venue is proper in that the tortious acts complained of herein occurred in Jefferson County, Missouri. Moreover, venue is proper in the event of transfer in accord with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

**THE MISSOURI NO-CALL LAW**

17.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

18.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

19.     Defendant's calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.

20.     Defendant's practice effectively forced Plaintiff to listen to Defendant's unlawful, harassing, and annoying sales pitch.

21.      Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of thousands of persons.

22.     Defendant's actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendant's unlawful purpose.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

23.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

24.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)     Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)     Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls . . .

25.     MO Rev. 407.1104 provides in pertinent part:

2.     No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

## TCPA Background

26.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991)(codified at 47 U.S.C. § 227(b)(1)(A)).

27.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone calls at those numbers. *See* 47 U.S.C. § 227(b)(1)(A).

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

28.　A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

29.　The TCPA and implementing regulations prohibit the initiation of telephone calls to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(b)(1)(A). Damages under this code are up to $1,500 per call or text.

**III.　Factual Allegations**

30.　Defendant Dream sells new and used vehicles in the St. Louis County, Wood River, Illinois, Kansas City, Kansas, Lawrence, Kansas, and surrounding areas.

31.　To generate leads, Dream, as well as their agents, employees and/or vendors, make random and robocall generated telemarketing calls to consumers who have never had a relationship with the Defendants and who never consented to receive their calls.

32.　Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

33.　Plaintiffs telephone number (the "Number"), 314-698-XXXX, is on the National Do Not Call Registry, and has been continuously since December 2022.

34.　Despite this, the Defendants Dream and other unknown telemarketers on their behalf placed more than fifteen telemarketing calls and sent unsolicited texts to Mr. Prosser beginning on November 14, 2022 at 10:22 a.m. when one call was made from a telephone number 785-856-8700, registered to Dream Automotive, LLC, a/k/a Lawrence Kia, Lawrence, Kansas by a yet to be identified telemarketer wh5 solicited Mr. Prosser to purchase a vehicle from the Dream Defendants.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

35. Despite that and the fact that he was on the National Do Not Call Registry, the Dream Defendants, made a second telemarketer call to the Plaintiff on November 16, 2022, at 7:22 p.m., originating from 785-856-8700 and several calls to Plaintiff over the next two weeks, all originating from Defendant Dream's business phones as predominantly registered on their websites.

36. The Plaintiff did not answer the second telemarketing call, and the caller left a voice message that he was an agent or employee of Dream and was calling for the purpose of soliciting the Plaintiff to purchase a car.

37. On November 17, 2022, a telemarketer identifying himself as Davis texted the Plaintiff's personal cell phone number from 785-856-8700 on behalf of Dream and solicited him in the text to purchase a car.

38. Despite Plaintiff informing Davis that he was working and could not be interrupted, on November 21, 2022, at 4:54 P.M., another telemarketer phoned the Plaintiff's from 913-400-4000 on behalf of Dream and solicited him to purchase a vehicle.

39. Despite Plaintiff informing the telemarketer that he was working and could not be interrupted, on November 23, 2022, the telemarketer phoned the Plaintiff's from 913-400-4000 on behalf of Dream, and again solicited him to purchase a car from Dream.

40. Despite Plaintiff informing this telemarketer that he was working and could not be interrupted, and Plaintiff's number is listed on the Federal Do Not Call List, on November 26, 2022, once again, the telemarketer phoned the Plaintiff from 913-400-4000 at 1:36 p.m. on behalf of Dream, and again solicited him to purchase a car.

41. Despite Plaintiff informing the caller that he was working and could not be interrupted, and Plaintiff's number was listed on the Federal Do Not Call List, on November 28,

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

2022, yet another telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream and solicited him to purchase a car.

42.     Despite Plaintiff informing the telemarketer that he was working and could not be interrupted, and Plaintiff's number is listed on the Federal Do Not Call List, on November 28, 2022, at 10:07 a.m., another telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car from Dream.

43.     Defendant Dream called Plaintiff again on November 28, 2022, at 11:07 a.m. for solicitation purposes.

44.     On November 28, 2022, at 2:12 p.m., another telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car from Dream.

45.     Again, on November 28, 2022, and the caller left a voice message soliciting him to purchase a vehicle from the Defendant Dream.

46.     Again, on November 28, 2022, at 7:55 p.m., a telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car from Dream.

47.     Despite Plaintiff informing the telemarketers that Plaintiff's number is listed on the Federal Do Not Call List, on November 29, 2022, at 1:29 p.m., another telemarketer phoned the Plaintiff's from 913-400-4000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car from Dream.

48.     Again, on November 30, 2022, at 10:55 a.m., a telemarketer phoned the Plaintiff's from 913-400-4000 on behalf of Dream, and for the purpose of soliciting him to purchase a car from Dream.

49.     Despite Plaintiff informing the callers that Plaintiff's number is listed on the Federal Do Not Call List, on November 30, 2022, at 2:51 p.m., a telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car.

50.     Despite Plaintiff informing the telemarketers repeatedly that Plaintiff's number is listed on the Federal Do Not Call List, on November 30, 2022, at 5:20 p.m., yet another telemarketer phoned the Plaintiff's from 618-251-3000 on behalf of Dream, and for the purpose of soliciting Plaintiff to purchase a car.

51.     Plaintiffs' privacy has been violated by the above-described telemarketing calls.

52.     The Plaintiff never provided his written consent or requested these calls or texts.

53.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and ·harassed.

54.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate

55.     During all the calls/texts it was obvious that the calls/texts were made by automatic and random telephone dialing systems by the Defendants as they contained hyperlinks generated without human intervention. This artificial intelligence and automated computer use of randomly generated phone numbers are akin to the illegal calls made using predictive dialers:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014,

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs _public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

56.    None of the telephone calls/texts alleged in this complaint constituted calls/texts for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

57.    In addition, the texts occupied their telephone lines, rendering them unavailable for legitimate communication and personal family affairs and caused the Plaintiff to incur provider fees, suffer the wear and tear on his phone equipment, and the degradation of his battery life, invaded his rights to privacy and seclusion, and the calls were harassing, frustrating, annoying and abusive.

## Class Action Allegations

58.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2) and (b)(3), on behalf of himself and the following Classes:

**Missouri Do Not Call Class ("MDNC Class"):**
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted their products and services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Do Not Call Class ("DNC Class"):**
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted their products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Robocall Class and Automatic Telephone Dialing System Class:**

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

> All persons in the United States who received any telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

59.    A substantial number of the events which give rise to the claim occurred in Jefferson County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of Jefferson County, Missouri. In the event the Defendant seeks to remove this case to federal Court, the appropriate venue lies in the St. Louis Division of the United States District Court for the Eastern District of Missouri under Missouri's Long Arm Statute.

60.    Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

61.    Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendant and their agents. The Classes are so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

62.    The Class as defined above are identifiable through phone records and phone number databases.

63.    The potential members of the Class number at least in the hundreds.

64.    Individual joinder of these persons is impracticable.

65.    Plaintiff is a member of the Class.

66.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

a.    Whether Defendant's used an "automatic telephone dialing system" or as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.    Whether Defendant had written prior express consent to call Class members;

c.    Whether Defendant systematically made telephone calls/texts to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries.

d.    Whether Defendant systematically made telephone calls/texts to members of the DNC and MDNC Classes where Defendants did not have a current record of consent to make such telephone calls/texts;

e.    Whether Plaintiff and Class Members are entitled to damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.    Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

67.    The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

68.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

69.    Predominance and Superiority: The Classes alleged in this Complaint are

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of complex litigation necessitated by Defendant's actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendant's misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

70.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, subsidiaries, and sub-contractors.

71.     Injunctive Relief is Appropriate: Based on information and belief, Defendant Dream, and their agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

72.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**Count I**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

73.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 72 as though set forth herein.

74.     Plaintiff brings this claim individually and on behalf of the Missouri No Call List Members ("MDNC") against the Defendant.

75.     Defendant Dream's acts and omissions of making fifteen (15) or more calls/texts to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section § 407.1073, § 407.1076, § 407.1090, §407.1098.1 of the subscriber's objection to receiving telephone calls.

76.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls/texts.

77.     In violation of the MDNC, Defendant made and/or knowingly allowed automated telephonic calls/texts to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls/texts.

78.     Defendants made and/or knowingly allowed the telephonic calls/texts to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers, used a robotic interface to speak/text with the Plaintiff, disabled the Caller

15

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

I.D. function so Plaintiff could not identify the caller prior to answering the call/text, and failed to disclose these material facts immediately upon Plaintiff answering the calls/texts.

79.    As a result of Defendant's conduct, and pursuant to § 407.1073, § 407.1076, § 407.1090, §407.1098.1. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

80.    Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Prosser and all members of the MDNC class prays for judgment collective against Defendants Dream for $5,000.00 per violation or $75,000.00 (for Prosser's damages), and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

<u>**Count II**</u>
<u>**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**</u>
<u>**(On behalf of Plaintiff and the National Do Not Call Registry)**</u>

81.    The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

82.    The foregoing acts and omissions of Defendants Dream and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf constitute numerous and multiple violations of the TCPA, <u>47 U.S.C. § 227</u>, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

83.    The Defendant's violations were negligent, willful, and knowing.

84.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute violations of the TCPA, <u>47 U.S.C. § 227</u>, Plaintiff

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made.

85.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**Prayer for Relief**

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief collectively against Defendants Dream:

a.     Certification of the proposed Class;

b.     Appointment of the Plaintiff as a representative of the Class.

c.     Appointment of Class Counsel, if the Court deems necessary.

d.     A declaration that the Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

e.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

f.     An award to Plaintiff of $22,500.00 personally and additional Class of damages as evinced therein at trial as allowed by law; including treble damages for the Defendants deliberate and repeated violation of Federal Law; and

g.     Orders granting such other and further relief as the Court deems just, proper, and equitable in the circumstances.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

### Count III
### Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227(b)(1)(A)
### (On behalf of Plaintiff and the Robocall and ATDS)

86.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 85 as if fully set forth herein.

87.     The foregoing acts and omissions of Defendant Dream and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls/texts, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

88.     The foregoing acts and omissions of Defendant Dream, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls/texts, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

89.     The Defendant's violations were deliberate, negligent, willful, or knowing.

90.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call/text made.

91.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls/texts to numbers on the National Do Not Call Registry, except for emergency purposes in the future.

### PRAYER FOR RELIEF

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant Dream, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes, beginning with Plaintiff Prosser in an amount of $22,500.00 personally;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein in an amount exceeding $22,500.00.

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

<u>COUNT IV</u>
<u>Defendant's Vicarious Liability</u>

***COMES NOW***, Plaintiff and for his Fourth cause of action against Defendant Dream, states:

92.     Plaintiff reasserts and incorporates fully herein by reference paragraphs 1 through 91 above paragraphs as though fully set forth herein.

93.     For 28 years now, the FCC has made clear that "the party on whose behalf a [call/text] is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

94.     In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

95.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

96.     The FCC has **rejected** a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

97.     A connection exists between the Defendants herein and the calls/texts complained of by Plaintiff because the calls/texts were directly made on behalf of Defendants Dream so they could profit from a common enterprise in which they participated.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

98.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

99.    Defendants Dream are vicariously liable for their independent or third-party marketing agents phone calls/texts at issue because Defendants Dream substantially participated, promulgated the policy, and ratified making the calls/texts to persons on the no call list without their express written consent.

100.    Defendant Dream is vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused telemarketers, employees, agents, vendors to initiate the phone calls/texts or initiated the calls/texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls/texts;

c)    allowed the telemarketers and independent agents access to information and operating systems within Defendant's control for the purpose of seeking to sell their registered agent and legal based services, without which they would not be able to maintain and further robocalling atds, computer generated texting, and direct dialing.

d)    allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendant's sales or operational systems.

e)    approved, wrote, reviewed, or participated in developing the telemarketing sales scripts to promote their products and services.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

f)       Defendants Dream knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance, or

g)       Defendants Dream gave substantial assistance or support to the telemarketers, employees, agents or vendors and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that these were engaged in acts or practices that violated the TCPA and MDNC and ratified each of the illegal calls/texts.

101.    Defendants Dream provided authority to their third-party telemarketers and sales representatives to engage in the autodialing, direct dialing, auto texting and robocalling at issue herein because after Plaintiff patiently read and listened to the scripted pitch of the Defendants and they all profited from each sale they made thereby ratifying their illegal practice.

102.    Defendant Dream ratified the random robocalls and automatic and computer generated texts to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

103.    As a direct and proximate result of the fifteen (15) illegal calls by the above Defendant, Plaintiff suffered the gross violation of his rights to privacy, solace and seclusion as set forth above, he was frustrated, harassed, annoyed, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

Electronically Filed - JEFFERSON - April 10, 2024 - 04:09 PM

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant Dream, and their independent contracting agents for their vicarious liability for an additional $97,500.00 and for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendant or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees, costs and pre and post judgment interest.

Respectfully submitted,

<u>/s/Edwin V. Butler, Esquire</u>
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This is the 9th day of April, 2024.